■ In the Matter of ALPHONSO ADAMS et al., on Behalf of Themselves and All Other Pretrial Detainees Represented by the Monroe County Public Defender, Respondents, v ANDREW P. MELONI, as Monroe County Sheriff, Appellant. — Judgment reversed and petition dismissed, without costs. Memorandum: Respondent appeals from an order and judgment directing him to return petitioners, pretrial detainees, to Monroe County Jail from Yates County Jail where they had been transferred pursuant to an order of the New York State Commissioner of Correction. The lower court, after "balancing * * * the harm to the individual resulting from the condition imposed against the benefit sought by the government through its enforcement" (Cooper v Morin, 49 NY2d 69, 79), concluded that the transfers impermissibly impaired petitioners' constitutional right to counsel. We disagree. There is no showing that the measures undertaken to facilitate the detainees' full exercise of their right to counsel, such as extraordinary telephone privileges and assurance of return to Monroe County within a reasonable time prior to trial, were inadequate or that any aspect of the transfer seriously infringed upon petitioners' rights. Moreover, the undisputed evidence of overcrowding at the Monroe County Jail constitutes a strong showing of necessity (Cooper v Morin, supra, p 79) for the transfers. Applying the balancing test articulated in Cooper v Morin (supra, p 81), we conclude that the transfers were proper. We also conclude that the respondent showed a rational basis for his actions (see Matter of Pell v Board of Educ., 34 NY2d 222). We have examined petitioners' other contentions and find them to be without merit. Although it appeared at oral argument that petitioners have since been released or returned to Monroe County Jail, we hold that this is the exceptional case involving a substantial question which is likely to recur and which, therefore, should not be dismissed as moot (see Matter of Slominski v Rutkowski, 91 AD2d 202, 205). All concur, except Green, J., who dissents and votes to affirm in the following memorandum.

Green, J. (dissenting). I must dissent for reasons stated by Justice Robert E. White at Special Term. I add only that on this record, considerations of cost and convenience cannot justify the transfer of 11 men, presumed innocent, to the Yates County Jail 60 miles away from their counsel, when some of the 156 convicted and sentenced inmates then incarcerated in the Monroe County Jail were not transferred (see Shapiro v Thompson, 394 US 618, 633; Cooper v Morin, 49 NY2d 69, 81-82). (Appeal from judgment of Supreme Court, Monroe County, White, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE RAYFORD, Appellant. — Judgment unanimously modified and, as modified, affirmed, in accordance with the following memorandum: Under the fourth count of the indictment, charging criminal mischief in the fourth degree, the People failed to prove by competent evidence that the damage to property exceeded $250 (see Penal Law, § 145.00, subd 2). The judgment of conviction entered upon that count must be reversed and the count must be dismissed. We have reviewed the other issues presented by defendant in his brief on appeal and find them to be without merit. (Appeal from judgment of Monroe County Court, Celli, J. — criminal mischief, third degree, and other charges.) Present — Dillon, P. J., Callahan, Doerr, Denman and Moule, JJ.